AMERICAN RAPID TEL. CO. *v.* HESS *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

CONSTITUTIONAL LAW—POLICE POWER—REMOVAL OF ELECTRIC WIRES.

Laws N. Y. 1887, c. 716, § 3, authorizing certain officers of the city of New York to remove from the streets of that city electrical wires and poles, etc., which are not removed by the owners after notice that under-ground conduits or subways have been provided under that act and previous acts, is valid as a police regulation, its object being to clear the public streets of unsightly, obstructive, and dangerous apparatus, and does not conflict with any restriction of the constitution of the state

or of that of the United States by violating any contract by the state with a company owning such wires, or depriving it of its property, or subjecting it to any unlawful expense. Affirming 3 N. Y. Supp. 777.

Appeal from special term, New York county.

Action by the American Rapid Telegraph Company against Jacob Hess and others. Plaintiff appeals from a judgment for defendants, entered on trial by the court without a jury.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wilson & Wallis,* (*William G. Wilson,* of counsel,) for appellant. *William H. Clark,* (*D. J. Dean,* of counsel,) for respondents.

DANIELS, J. The chief object of this action is an injunction to restrain the mayor of the city of New York, the commissioner of the department of public works, and the members of the board of electrical control, their agents and servants, "from cutting, pulling down, removing, or otherwise injuring any of the lines of telegraph poles and wires" owned by the plaintiff in the streets of that city. The apprehension exists on the part of the officers of the plaintiff that the removal of its poles and electrical wires from the streets, so far as it has not been already done, is designed to be made under the authority of the act of the legislature of this state known as chapter 716 of the Laws of 1887. Subways have been constructed under this act, and chapter 499 of the Laws of 1885, and chapter 503 of the Laws of 1886, for the reception of the wires of this and other companies in the streets of the city of New York. This has been done through the instrumentality of a subordinate company brought into existence for that object; and the plaintiff has been notified of that fact, and required to place its electric wires therein, but it has neglected to do so, and it is because of such neglect that the officials of the city have in part removed, and intend to remove, from the streets in which the subways have been constructed and prepared, the poles and wires of the plaintiff; and that removal they have been empowered to make by section 3 of the act of 1887, as they previously also had been by section 3 of chapter 534 of the Laws of 1884. But for the purpose of maintaining the action the plaintiff has alleged its right to resist these acts, especially that of 1887, as in conflict with certain restraints created by the constitution of this state and by the constitution of the United States. It is not, however, any part of either of these acts to permit or promote the violation of any corporate contract existing in favor of the plaintiff, nor to deprive it of any of its property, or to subject it to any unlawful expense. The object, on the contrary, is to secure the removal of the poles, and the wires suspended upon them, from the streets in which the subways were to be, and so far have been, constructed, and to place the wires in the subways under ground. It is to clear the public streets of unsightly, obstructive, and dangerous apparatus; and that is an appropriate subject for legislative interference. It is fully empowered by the broad grant of legislative power delegated by the constitution of the state, and in no way abridged by anything contained in the constitution of the United States, to provide for the unobstructed safety of the public streets of the cities of the state; and no more than that has been attempted by this legislation. The plaintiff does not appear to have acquired any right to the use or occupancy of these streets for its poles or wires in the least conflicting with the exercise of this authority over them; and section 3 of the act of 1887 has provided and declared, in case the owners and operators of suspended wires in the streets shall not cause them to be removed from the streets mentioned in the notice served requiring their removal, that "it shall be the duty of the commissioner of public works of said city to cause the same to be removed forthwith by the bureau of incumbrances, upon the written order of the mayor of said city to that effect." The plaintiff having failed to comply with the notice served by removing its poles

and wires from the streets containing the subways, the commissioner of public works, under the order of the mayor, has in part caused that removal to be made, and probably intends to make their removal complete, as that may be lawfully done under the authority of the act of 1887. That act, in its scope and effect, is a police regulation, as that has been declared by express language contained in it, and as this power has been defined in other cases. *Kidd* v. *Pearson*, 128 U. S. 1, 9 Sup. Ct. Rep. 6; *People* v. *Squire*, 107 N. Y. 593, 14 N. E. Rep. 820; *Illuminating Co.* v. *Hess*, 3 N. Y. Supp. 777. It has been no part of the intention to deprive the plaintiff of its property in its poles and wires, or to appropriate them to the use of either of the defendants; but the design has been to remove them as unlawful incumbrances, as they had in fact become under the law, from the streets. If the plaintiff desires to repossess itself of the removed poles and wires it is entitled to take other means for that object. An injunction is not the remedy which has been provided for that end. The judgment was fully authorized, and it should be affirmed, with costs. All concur.